IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**JOSEPHINE YVETTE WILLIAMS, EVA R.
WILLIAMS-BROWN F/K/A EVA R. WELTE,
ROSEMARY COX, and DARRELL D. GRIFFIN
and those others that are similarly situated,**

    **Plaintiff,**

**vs.**                                                    **CASE NO. 5:10cv43/RS-AK**

**ANCHORAGE CHILDREN'S HOME OF BAY
COUNTY, INC. and BIG BEND COMMUNITY
BASED CARE, INC.**

    **Defendants.**
_____/

## ORDER

Before me is Defendant Big Bend Community Based Care's ("Big Bend") motion to dismiss the amended complaint (Doc. 33).

## I. STANDARD OF REVIEW

In order to overcome a motion to dismiss, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000), citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999).

## II. ANALYSIS

Big Bend argues it is entitled to dismissal because it was not an employer of Plaintiffs. The Eleventh Circuit has adopted the test of the former Fifth Circuit and considers the "total employment situation" in evaluating whether an entity qualifies as an employer under the Fair Labor Standards Act. *Welch v. Laney*, 57 F.3d 1004, 1011 (11th Cir. 1995). In particular, the Eleventh Circuit considers whether or not the employment took place on the premises of the alleged employer; how much control the alleged employer exerted on the employees; and whether the alleged employer had the power to "fire, hire, or modify the employment condition of the employees." *Id.* In the instant case, Plaintiffs' complaint alleges that Big Bend was their employer, supervised them, and had "operational control" over the Plaintiffs as employees. This is sufficient to state a plausible claim of relief. Therefore, Defendant's motion to dismiss (Doc. 33) is **denied.**

**ORDERED** on July 19, 2010.

/s/ Richard Smoak
RICHARD SMOAK
UNITED STATES DISTRICT JUDGE